IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUINCY BERNARD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-290-MTT |
| | ) |
| FEATHERSTONE HOMEOWNERS | ) |
| ASSOCIATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pro se Plaintiff Quincy Bernard Jones filed a complaint under 42 U.S.C. § 1981[1] against four Defendants (Doc. 1) and a motion to proceed *in forma pauperis* ("IFP") (Doc. 2).  The Court granted Jones's motion to proceed IFP and ordered Jones to amend his complaint.  Doc. 4.  Jones's amended complaint (Doc. 5) remains legally insufficient.  Jones filed a Second Amended Complaint (Doc. 6) and a Motion for Summary Judgment (Doc. 7).  For the reasons discussed below, those filings are improper.  Also, Jones's Complaint remains legally insufficient and must be cured before his claims can proceed.

First, Jones has not alleged that he exhausted his administrative remedies.  "An employee must exhaust administrative remedies before filing a complaint of discrimination under Title VII of the Civil Rights Act and Title I of the Americans with

---

[1] Jones's original complaint includes a claim under 42 U.S.C. § 1981, but his amended complaint presents a discrimination claim under Title VII.  Doc. 5.

Disabilities Act." *Stamper v. Duval Cty. School Bd.*, 863 F.3d 1336, 1399-40 (11th Cir. 2017) (citations omitted).  The first step in exhausting administrative remedies is filing a timely discrimination complaint with the Equal Employment Opportunity Commission ("EEOC").  *Id.*  After investigating the discrimination charge, if the EEOC determines "that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify" the employee.  42 U.S.C. § 2000e-5(b).  After being notified by the EEOC of its dismissal, the employee has ninety days to file a civil action against the employer.  *Id.* § 2000e-5(f)(1).  Jones has not alleged he completed either of the steps outlined above, and until he does, his case cannot proceed.

Second, while Jones lists five Defendants in his Amended Complaint (Doc. 5), he fails to identify what type of entity Featherstone Homeowner's Association is, and whether Jones can sue Featherstone under Title VII.  Before his claims can proceed, the Court must know, for example, if Featherstone is a corporation, limited liability company, or a non-entity incapable of being sued.  Without this information, Jones's claims cannot proceed.

Because he is proceeding pro se, the Court will afford Jones one final opportunity to remedy the defects, as explained above.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it."). Jones is hereby notified that one sole operating complaint is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358

-3-

(11th Cir. 1982). Thus, the Complaint that Jones submits in response to this Order will replace his original Complaint (Doc. 1) and Amended Complaint (Doc. 5).

Accordingly, it is **ORDERED** that Jones shall file a proper Second Amended Complaint including the information outlined above on or before **Thursday, December 10, 2020**. Should Jones fail to respond, this action will be dismissed without prejudice.

**SO ORDERED**, this 10th day of November, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
