IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUINCY BERNARD JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-cv-290-MTT |
| | ) |
| FEATHERSTONE HOMEOWNERS ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Featherstone Homeowners Association has moved to dismiss Plaintiff Quincy Bernard Jones's third amended complaint (Doc. 9) for failure to state a claim. For the following reasons, that motion (Doc. 31) is **GRANTED**.

### I.  BACKGROUND

Jones alleges that he had a "contractual relationship" with Featherstone Homeowners Association for over five years.  Doc. 9 at 4.  Jones was compensated $75 per week for picking up trash and pulling Featherstone residents' trash cans to the road. *Id*.  Although it appears that Jones's usual job was trash duty, on March 11, 2020, a Featherstone board member hired Jones to assist with water maintenance on Featherstone property.  *Id*. at 5.  When the water maintenance was complete, Jones "inquired about [his] compensation for the work," and the Featherstone board member told Jones that he would not be paid.  *Id.*  One day later, on March 12, 2020, Jones wrote a complaint to Featherstone's board and requested a hearing on the matter.  *Id*.

Featherstone's compliance manager and Jones settled the compensation dispute for $200. *Id.* at 6. Jones also stated in his March 12 letter to the board that he was disabled. *Id.*; Doc. 1-6 at 3 (stating that Featherstone board members told Jones he would not be compensated and "manipulated a disabled adult to perform work").[1]

A few days later, on March 17, 2020, Jones was performing his usual trash duties when someone, presumably from Featherstone, told him to stop working until he provided documentation from his doctor that described the work limitations caused by his disability. *Id*. Jones could not promptly see his doctor because of the pandemic, and he was accordingly fired and replaced.[2] *Id*. at 7.

Jones alleges that he filed an EEOC complaint on April 22, 2021, but that it was dismissed on July 13, 2020 because Featherstone did not have fifteen or more employees. *Id*. After the EEOC investigation, Jones asked to be rehired, but, according to Jones, Featherstone refused because he was disabled and had filed an EEOC complaint. *Id*. at 8. Jones also alleges that Featherstone did not rehire him because he is African American. *Id* at 8-9. Jones states that James Durrence, a white male employee, had previously been fired by Featherstone for stealing and trespassing, but Durrence was rehired by Featherstone. *Id*. at 9.

In sum, Jones's complaint appears to allege that his employment was terminated because he made an internal complaint about not getting paid for water maintenance and/or because he failed to submit proper medical documentation about his disability.

---

[1] On the same day that he wrote the complaint concerning payment for the water maintenance, Jones wrote a second complaint to the Featherstone board concerning mold and algae problems in the pool area and in many of the units at Featherstone. Doc. 1-6 at 1. In the complaint concerning algae and mold, Jones claimed that he was "a disabled adult who suffers from COPD and asthma[.]" *Id.*

[2] Jones does not allege whether he ever submitted the medical documentation Featherstone requested.

Jones further alleges that he was not rehired by Featherstone because he is African American, had filed an EEOC complaint, and/or because he was disabled.

## II.  STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v.*

*Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III.   DISCUSSION

Jones has asserted claims against Featherstone for discrimination and retaliation pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act ("ADA").[3]  *See generally* Doc. 9.  Featherstone argues that Jones's claims should be dismissed for failure to state a claim.  Doc. 31-1.

**A. Section 1981**

42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right … to make and enforce contracts."  This includes equal rights in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship."  42 U.S.C. § 1981(b); *see Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318 (11th Cir. 1998).  "To state a claim of racial discrimination under § 1981, [a] plaintiff[] must allege facts establishing: (1) that [he] is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171-72 (11th Cir. 2016) (citation omitted); *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1270-74 (11th Cir. 2004) (citation omitted).

---

[3] Featherstone has pointed out that it is unclear whether Jones is bringing an ADA claim.  Doc. 31-1 at 6 n. 5.  Although Jones did not explicitly allege an ADA claim in his third amended complaint (or any of his three previous complaints for that matter), it appears that he may have intended to state such a claim.  Regardless, the arguments that Featherstone makes against Jones's Title VII claim are equally applicable to any ADA claim arising from the same facts.  Therefore, and because the Court construes pro se pleadings more liberally than pleadings drafted by attorneys, the Court assumes Jones intended to bring an ADA claim.

"If a plaintiff fails to show the existence of a similarly-situated employee, judgment as a matter of law is appropriate where no other plausible allegation of discrimination is present." *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013). "When comparing similarly situated individuals to raise an inference of discriminatory motivation, the individuals must be similarly situated in all relevant respects besides race, since different treatment of *dissimilarly* situated persons does not violate civil rights laws." *Jackson*, 372 F.3d at 1273; *Lewis v. Cty. of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) ("A plaintiff asserting an intentional discrimination claim … must demonstrate that she and her proffered comparators were 'similarly situated in all material respects.'").

Jones's only allegation that could possibly tend to establish that Featherstone intentionally discriminated against him based on his race is that Featherstone rehired Durrence but did not rehire Jones. Specifically, Jones alleges:

> But for plaintiff's race he would probably have been rehired. Plaintiff's race had to play a factor where he's black and all he did was file an EEOC claim and being a black male, who is disabled and filed an EEOC claim the defendants failed to rehire him; while being a black male who is disabled and files an EEOC claim isn't criminal … and Mr. James Durrence was fired for allegedly stealing and was trespassed by secretary of the association Mr. Greg Renfroe, posed more of a liability but was rehired and he's a white male. But for plaintiff's race he would most likely been rehired.

Doc. 9 at 8-9.

Featherstone argues, and Jones at least in part admits, that Jones has not alleged that Durrence was similarly situated to Jones. Doc. 31-1 at 10; *see also* Doc. 34-1 at 7 (pointing out the differences between Durrence and Jones other than race). In fact, Jones alleges that he and Durrence were quite differently situated. *See* Doc. 9 at

8-9.  Moreover, Jones has not alleged that he and Durrence had the same job duties, equal experience, equal qualifications, equal competency, or that they were alike whatsoever.  Accordingly, Jones has not alleged the existence of a comparator who is similarly situated in all material respects.

Because Jones has not alleged facts that could establish Featherstone discriminated against him because of his race, Jones has failed to properly plead an intentional race discrimination claim against Featherstone.  Thus, Featherstone's motion to dismiss Jones's § 1981 claim is **GRANTED**.

    **B. Title VII and ADA**

Title VII and the ADA prohibit employers from discriminating or retaliating against employees based on certain characteristics.  42 U.S.C. § 2000e; 42 U.S.C. § 12112(a).  Both Title VII and the ADA define an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A).  Featherstone argues that Jones has failed to allege that it is an employer pursuant to Title VII or the ADA because he did not allege that it satisfied the employee numerosity requirement.  Doc. 31-1 at 8.

"[T]he ultimate touchstone under [the employee numerosity requirement] is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question."  *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 211 (1997).  Thus, if a defendant has not employed fifteen or more individuals each working day for twenty weeks out of either the current year or the preceding year, the defendant is not an "employer" and neither Title VII nor the ADA

apply. Further, to count as an employee, a given "individual must have an 'employment relationship' with the employer." *Clark v. St. Joseph's/Candler Health System, Inc.*, 2006 WL 2228929, at *4 (S.D. Ga. Aug. 3, 2006) (citing *Walters*, 519 U.S. at 212). An individual who does not have an employer–employee relationship with the employer, such as an independent contractor, does not count toward the numerosity requirement of Title VII or the ADA. *Walters*, 519 U.S. at 211; *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440 (2003); *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998); *Barr v. Kelsey/95 Corp.*, 2021 WL 3239511, at *3-4 (S.D. Fla. July 29, 2021).

Jones stated in his complaint that the EEOC concluded its investigation when it found that Featherstone had fewer than fifteen employees. Doc. 9 at 2. Jones alleges, however, that Featherstone has "more than 15 employees when you add up the contractors who do work for the association more than 20 weeks out of the calendar year." Doc. 9 at 3. Jones's allegation is insufficient for at least two reasons. First, Jones does not allege that for the same twenty weeks in a given calendar year more than fifteen employees worked for Featherstone every working day. Rather, he alleges that more than fifteen individuals worked more than twenty weeks for Featherstone *at some point* in a given calendar year. Doc. 9 at 3.

Second, Jones's allegation does not satisfy the employee numerosity requirement because it relies on independent contractors. *See Walters*, 519 U.S. at 211. Jones alleges that Featherstone had "more than 15 employees when you add up the contractors." Doc. 9 at 3. Even after Featherstone pointed out this deficiency in its motion to dismiss, Jones continued to argue that the numerosity requirement was

satisfied when contractors are counted. Doc. 36 at 2 ("Featherstone had "15 employees [in] 2020-2021 due to the contractors that they hired[.]"). Thus, Jones has not alleged that fifteen or more individuals had an employer–employee relationship with Featherstone for each working day in twenty or more calendar weeks in 2019 or 2020. Accordingly, Jones has not adequately alleged that Featherstone is an employer as defined by Title VII or the ADA, and Featherstone's motion to dismiss Jones's Title VII and ADA claims is **GRANTED.**

## IV.   CONCLUSION

For the reasons discussed above, Featherstone's motion to dismiss (Doc. 31) is **GRANTED**, and Jones's claims are **DISMISSED** without prejudice.

**SO ORDERED**, this 5th day of November, 2021.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT